## H. C. MILLER v. IRA SANBORN.

### *Wild Land. Division Fence. Selectmen.*

1. The decision of the selectmen that one's land is wild and uncultivated, and that he ought not to be compelled to build any part of the division fence between him and a contiguous owner, is binding on the parties, and final, until reversed by the selectmen themselves.
2. The party defeated by the selectmen, *before they have reversed their own decision,* cannot recover for building any part of the fence, though the other party had commenced to occupy.
3. In an action to recover for one-half the value of a division fence evidence is not admissible to prove that the decision of the selectmen, that the defendant's land was wild and uncultivated, was procured by fraud.
4. R. L. s. 3180, wild land, fence, construed.

JURY trial, September Term, 1880, REDFIELD, J., presiding. Case for the recovery of one half the value of a division fence.

Verdict directed for the defendant.

It was conceded that the plaintiff and defendant owned adjoining lands in Craftsbury ; that the plaintiff had owned and occupied

his land continuously from the 26th day of March, A. D., 1861, to the present time ; and it appeared that the plaintiff had built and kept said fence between the lands of the plaintiff and defendant in repair for more than fifteen years last past ; that some time in May, A. D., 1879, the plaintiff called upon the defendant to divide and build his proportion of division fence, but defendant refused so to do ; that some time in July, 1879, plaintiff called out the fence viewers to divide the fence, and to appraise the value of one half of said fence at the time the defendant began to occupy and cultivate his close adjoining the said close of the plaintiff ; that afterwards, on the 1st day of August, 1879, a majority of the fence viewers, upon due and proper notice to the parties, divided the fence and appraised the one half thereof at the sum of $3.00 ; that after said division, on the 1st day of August 1879, the plaintiff notified the defendant that the portion of said fence which the fence viewers had assigned to him in repair, was out of repair, and also notified him to amend the same, but the defendant refused so to do ; that said. fence was out of repair and needed amending ; that the said plaintiff on or after the 11th day of August, 1879, repaired the fence ; that the repairs were worth 75 cents ; that a day or two after making said repairs the plaintiff demanded of defendant the said sum of $3.75, which the said defendant refused to pay or any part thereof. The plaintiff offered to prove by himself and several other witnesses, that on the 16th day of June, 1879, the said defendant began to occupy and cultivate his said close adjoining the close of the plaintiff, and from thence until the present time, continued to occupy and cultivate his close ; to which the defendant objected ; and introduced a certified copy of record of a decision of two, and a majority, of the selectmen of the town of Craftsbury, adjudging that the close of the defendant was unoccupied, unimproved and uncultivated land, so long as the same was used and occupied for no other purpose than as heretofore. In support of said objection, to the introduction and admission of which the plaintiff objected, but the court overruled the objection of the plaintiff and admitted the same ; and sustained the objection of the defendant and excluded the said evidence offered by the plaintiff. The plaintiff

further offered to prove that said decision of the two selectmen was procured by the defendant by false and fraudulent represent-ations, and under an agreement between the selectmen and said defendant, that if said selectmen would make said decision, he, the said defendant, would let his said close be vacant and common and would not cultivate the same; but that after the decision was made, within two or three days, the defendant began to occupy and cultivate a portion of his said close; but the court refused said offer and directed a verdict for the defendant.

STATE OF VERMONT, } Copy of decision of Selectmen.
    Craftsbury, s. s. }

Be it remembered, that at Craftsbury, on this 13th day of June, 1879, the undersigned, selectmen of the town of Craftsbury, having duly notified H. C. Miller and Ira Sanborn, the parties interested according to law, on the application of H. C. Miller, of Craftsbury, in the County of Orleans, and State of Vermont, have viewed and examined a certain tract and parcel of land in the Town of Craftsbury, in the County of Orleans and State of Vermont, described as follows, viz: Being the same land deeded to said Ira Sanborn, by Russell W. Cowles, by deed, dated the 9th day of December, 1870, and recorded in the 12th volume, page 242, of land records, in the Town of Craftsbury, to which deed reference is hereby made for a more complete description thereof, and we do decide and adjudge the same to be wild and uncultivated land not properly belonging to the farm, so cultivated by the said Ira Sanborn, or to any farm or lot occupied or cultivated by any other person, so long as the same shall be occupied for no other purpose than as heretofore occupied by the said Ira Sanborn, and shall remain a common; and we do further decide and adjudge that the said Ira Sanborn ought not to be compelled to build any part of the division fence between said above described premises, and the premises owned and occupied by the said H. C. Miller.                [Signed and recorded.]

*Miles & Thompson*, for the plaintiff.

*P. K. Gleed*, for the defendant.

The opinion of the court was delivered by

TAFT, J. The parties in this case own contiguous lands in Craftsbury. On the 13th day of June, 1879, a majority of the se-lectmen of that town by regular proceedings adjudged that the

defendant's land was wild and uncultivated so long as the same should remain a common, and occupied only as it had been before that time, and that defendant ought not to be compelled to build any part of the division fence between said lands. This adjudication was binding between the parties ; the selectmen had jurisdiction of the subject-matter and the parties ; the proceedings were regular, and their effect was to relieve the defendant at that time from any liability to make any part of the division fence.

Section 3180, R. L., provides that after such an adjudication the owner of occupied land may make such a division fence as is necessary to protect himself, and when the other owner occupies the adjoining land, so as to be benefited by such fence, he shall pay to the person so making it, for his equal portion thereof, its value at the time. The plaintiff claims that after the adjudication on the 13th day of June, 1879, the defendant commenced to occupy his land, and cultivated it, and was benefited by the fence, and thereby became liable to pay him the value of one half of it, and that he can maintain an action at law for such value without further proceedings before the selectmen. The statute gives selectmen exclusive jurisdiction of the question whether the owner of unoccupied land adjoining occupied land of another person should make his proportion of the division fence ; and their decision is final between the parties. We think where the selectmen take jurisdiction, and act in the matter, that their adjudication is continuing in its nature, and if they decide that the owner of the uncultivated land ought not to be compelled to make any part of the fence, that he continues relieved of the burden until the selectmen, upon a subsequent examination of the premises, reverse their former judgment. The statute, in our opinion, commits all matters relating to the subject to the selectmen ; it creates them a tribunal, and, as we think, a very suitable one for the settlement of such differences, and when upon an examination they fail to decide that a party ought not to be compelled to make any part of the fence, his ordinary statute liability attaches. The action of a majority of the board is valid. R. L. sec. 3. The evidence offered to show that the decision of the selectmen was procured by fraud, was inadmissible. This question

is governed by the well-settled rule that fraud in procuring an adjudication cannot be shown by the parties to it in any collateral proceeding. Freeman on Judg. s. 132.

Judgment affirmed.